In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00075-CV**
_____

**CYNTHIA REINA HOUSTON, Appellant**

**V.**

**ROMAN PAUL REINA, Appellee**

**On Appeal from the County Court at Law No. 6**
**Montgomery County, Texas**
**Trial Cause No. 24-34284**

## MEMORANDUM OPINION

In this appeal of an eviction, pro se Appellant Cynthia Lynn Reina also known as Cynthia Reina Houston ("Cynthia" or "Appellant"), appeals the trial court's final judgment in favor of Appellee Roman Paul Reina ("Roman"). For the reasons explained below, we affirm.

1

<u>Proceedings in Justice Court</u>

On November 1, 2024, Roman filed a forceable detainer suit in Justice Court Number One of Montgomery County, Precinct One. In Plaintiff's Original Petition for Eviction, Roman sought to evict Cynthia[1] from 108A Janet Street, Willis, Texas 77378 (the "Property"). Roman alleged that he is the owner of the Property, that he is seeking possession of the Property, that Cynthia is a tenant at sufferance, that he had requested that Cynthia vacate the premises, but she refused, and Roman alleged he had posted a notice on the door to vacate the premises telling Cynthia to vacate by October 28, 2024. After unsuccessful attempts at service of citation on Cynthia, the Justice of the Peace for Precinct One signed an order authorizing Roman to serve citation on Cynthia by alternative service. The record indicates that Cynthia was served with citation by alternative service on November 8, 2024, with the process server stating he left a copy with Richard Reina, a person over sixteen years of age at Property.

A bench trial was conducted on November 19, 2024, and all parties appeared. The Judge signed a final judgment of eviction in favor of Roman and ordered that Roman be awarded possession of the property, court costs, and attorney fees. Cynthia

---

[1] The petition also named Richard William Reina (Cynthia and Roman's brother) as a defendant. Richard William Reina appeared in the trial court, but Cynthia is the only appellant in the appeal. We discuss Richard William Reina's involvement in the underlying lawsuit only as necessary to our disposition.

appealed the Justice of the Peace Court's ruling to the County Court at Law. *See* Tex. R. Civ. P. 510.19(a) (allowing an appeal of an eviction case from the Justice Court upon filing of a cash deposit in the Justice Court within five days of the Justice Court's judgment). Cynthia filed a Civil Appeal Bond in the Justice Court on November 21, 2024, so she could appeal to the County Court at Law.

Trial De Novo and Bench Trial in County Court

After the case was appealed to the County Court at Law, the County Court at Law Number Six issued a Docket Control Order setting the case for a bench trial for January 29, 2025. *See id.* 510.20(c) (county court at law shall have a trial de novo). Roman and Cynthia appeared at trial and were given the opportunity to present evidence.

Roman testified that he is the owner of the Property. Roman's attorney offered into evidence a warranty deed that had been filed into the real property records, and it was admitted into evidence. The deed reflects that on November 13, 2023, Florence Kathryn Reina as "Grantor" conveyed a 0.789 acre tract in the Francis K. Henderson Survey, Abstract Number 248, in Montgomery County to Roman as "Grantee[.]" Roman testified that the warranty deed was received from his mother and that the Property was located at 108A Janet Street. Roman explained that Cynthia is his sister and there is no existing lease. A notice to vacate letter from Roman's attorney, dated October 28, 2024, was admitted into evidence. The letter

was addressed to Cynthia, demanded that Cynthia, pursuant to Texas Property Code Section 24.005, vacate the Property and residence on or before three (3) days, and stated that if she failed to vacate, an eviction suit would be filed, a judgment would be requested against her, and rental amounts that could be derived from the residence as well as costs and attorney's fees would be sought. Roman testified that the notice to vacate was served by the constable and that Cynthia did not vacate after receiving the notice to vacate.

The Court asked Roman the following regarding the location of the Property:

THE COURT: So the home in question then sits within this .789-acre tract?
[ROMAN]: Yes, ma'am.
THE COURT: The home in question is the home that [Cynthia is] in?
[ROMAN]: Yes. That is the same home, yes.
THE COURT: This is the warranty deed from 2023 where your mother … gave you the property through this warranty deed?
[ROMAN]: Yes, ma'am.

Cynthia testified that her address was "13919 FM 2432[]" and that the house was located at the address she provided. Cynthia represented to the trial court that the Property located at 108A Janet Street, is a "14-foot right-of-way." The following exchange occurred when the Court asked Cynthia if she had received the notice to vacate:

THE COURT: I'm not talking about the address. I'm talking about you being in receipt of this piece of paper.
[CYNTHIA]: Yes.

4

THE COURT: So you got the notice to vacate regardless if we're looking at 108 A Janet Street or looking at 13919 FM 2432, both in Willis. They both may be the same place.

[CYNTHIA]: They are not, but okay.

THE COURT: So what I'm trying to say is, you received a notice to vacate the house, correct?

[CYNTHIA]: Yes.

After hearing the testimony, the Court found the following:

THE COURT: [] I find that the Court has jurisdiction over this matter. I find that Plaintiff is the owner of the property and that the defendant (sic) is a tenant at sufferance in the property located at 108 A Janet Street, Willis, Texas 77378.

That Plaintiff terminated the defendant['s] right to occupy the premises. The Plaintiff made written demand upon the defendant (sic) and all occupants of the premises to vacate, and the demand was received by defendant (sic) as required by law. The defendant[ is] guilty of forcible detainer.

Plaintiff is entitled to possession of the premises. Plaintiff is entitled to recover[] all monies that have been deposited.

…

THE COURT: [] Mr. Roman Paul Reina shall be awarded and hereby is awarded the possession of the premises located at 108 A Janet Street, Willis, Texas 77378 from defendant[].

The County Court's Final Judgment

Following the bench trial, the County Court at Law signed a Final Judgment awarding Roman possession of the Property located at 108A Janet Street, Willis, Texas 77378, ordering that Roman is entitled to obtain a Writ of Possession and enforcement of the judgment on or after February 11, 2025, and setting the supersedeas bond in the event of an appeal at $10,000. The Final Judgment awarded Roman $0 in attorney's fees and no rental amounts. Included in the trial court's

5

judgment are findings that Roman is the owner and landlord of the Property; Roman terminated Cynthia's right to occupy the Property; Roman made written demand on Cynthia to vacate the Property and Cynthia received the demand; Cynthia is guilty of forcible detainer; Roman is entitled to possession of the Property from Cynthia; and Roman is entitled to recover all funds deposited into the court's registry, if any, on behalf of Cynthia as rental amounts as an offset to the judgment awarded to Roman. After the entry of the Final Judgment, Cynthia timely filed a notice of appeal. No Findings of Fact or Conclusions of Law were requested by Cynthia, and none were made by the trial court.

Issues

Appellant states what she characterizes as four issues on appeal. In her first issue, she argues that the trial court committed reversible error by applying incorrect legal standards to the service of process. In Appellant's second issue, she argues that there is insufficient evidence to support the trial court's factual findings regarding service of process. In Appellant's third issue, she contends that there were service of process defects that constitute fundamental due process violations. And, in Appellant's fourth issue, she argues that she preserved error by timely objecting and challenging the adequacy of service of process.

<u>Analysis</u>

Cynthia was pro se in the proceedings below and she is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *Sullivan v. Lemonade Ins. Co.*, No. 09-24-00211-CV, 2024 Tex. App. LEXIS 6990, at *8 (Tex. App.—Beaumont Sept. 26, 2024, no pet.) (mem. op.) (citing *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]")). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)).

Pro se litigants must comply with the rules requiring adequate briefing and citations to the record. *Redmond v. Kovar*, No. 09-17-00099-CV, 2018 Tex. App. LEXIS 925, at *6 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.). Pursuant to Texas Rule of Appellate Procedure 38.1, an appellant's brief "must include a concise statement of the issues and a 'succinct, clear, and accurate statement of the arguments' supported by citations to the record and to appropriate authority." *Price v. Gardner*, No. 09-24-00193-CV, 2025 Tex. App. LEXIS 181, at *4 (Tex. App.—Beaumont Jan. 16, 2025, no pet.) (mem. op.) (citing Tex. R. App. P. 38.1(f), (h), (i)). The appellate brief must cite to existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed error. *Id.* (citations omitted). Waiver of an issue may occur if an appellant does not

7

adequately brief the issue. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994). If an appellant does not provide support for her complained of issue by argument or citation to the record or applicable legal authority, waiver occurs. *See Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Our Court has no obligation to brief issues for a party. *In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied) (citing *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that, in a civil matter, an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine if there was error)).

Appellant's brief fails to provide a statement of facts supported by record references, fails to include appropriate citations to legal authorities and to the record, and only generally cites Texas Rules of Civil Procedure 106 and 107, and the 14th Amendment of the United States Constitution. We conclude that Appellant has waived each of her complaints on appeal due to the inadequacy of her brief. *See* Tex. R. App. P. 38.1(i); *Price*, 2025 Tex. App. LEXIS 181, at *4; *see also Fredonia State Bank*, 881 S.W.2d at 284-85; *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error."); *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 580 (Tex. App.—El Paso 2004, pet. denied).

8

That said, even if she had not waived her complaints and we were to invoke Rule 2[2] to look past the waiver and briefing deficiencies, we conclude that each of her stated issues are meritless.

Service of Process

In each of her issues on appeal, Cynthia complains about service of process. The record reflects that Cynthia appeared before the Justice Court on November 19, 2024. The record also reflects that Cynthia made a general appearance in the County Court at Law No. 6 on January 29, 2025. Cynthia appeared at the trial in the Justice Court and the trial in the County Court at Law, and she participated in each trial.

Texas Rule of Civil Procedure 120 provides that

> [t]he defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.

Tex. R. Civ. P. 120; *see also In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied) (a party's personal appearance before a trial court generally indicates a submission to the court's jurisdiction and waives any complaint

---

[2] We may use Rule 2 to look beyond the deficiencies in a brief on appeal to reach the merits of the matter. *See* Tex. R. App. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure[.]").

as to service) (citing *Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex. App.—Houston [1st Dist.] 1996, no writ)).

To the extent Appellant is claiming there was a defect in the service of process in the Justice Court, a defect in process or in service of process in the justice court is waived when the tenant files an appeal bond and appeals to the county court. *See* Tex. R. Civ. P. 120, 121; *Smith v. I-30 Bus. Park, Ltd.*, No. 06-10-00074-CV, 2010 Tex. App. LEXIS 9472, at *7 (Tex. App.—Texarkana Dec. 1, 2010, no pet.) (mem. op.) (Smith waived any defects in service by appealing the judgment of the justice court and filing an answer); *Montgomery v. Chase Home Fin., LLC*, No. 05-08-00888-CV, 2009 Tex. App. LEXIS 7020, at **2-3 (Tex. App.—Dallas Sept. 2, 2009, no pet.) (mem. op.) ("An appeal bond operates as an answer and appearance in a county court at law[.]").

Next, by making a general appearance in the County Court at Law, Appellant also waived any complaint as to the service of process in that proceeding. *See* Tex. R. Civ. P. 120 (stating that a general appearance has "the same force and effect as if the citation had been duly issued and served as provided by law[]"); *Baker v. Monsanto Co.*, 111 S.W.3d 158, 161 (Tex. 2003) (stating that a "general appearance" in a suit waives any defect in the manner of service); *see also Redmond*, 2018 Tex. App. LEXIS 925, at ** 9-10 (by appearing personally for trial before both the Justice

10

Court and the County Court at Law, Redmond waived any complaint as to defective service). Accordingly, we overrule Appellant's issues.

Having overruled each of Appellant's issues, we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on July 2, 2026
Opinion Delivered July 23, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.